**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No.  2:14-CR-108-2 |
| vs. | : | JUDGE ECONOMUS |
| KEITH ARRICK, JR., | : | |
| Defendant. | : | |

**DEFENDANT KEITH ARRICK JR.'S SENTENCING MEMORANDUM**

**I.     INTRODUCTION.**

Keith Arrick, Jr. is before the Court for sentencing following his guilty plea to sex trafficking of a minor in violation of 18 U.S.C. §§1591(a)(1) and (b)(2).   In *Gall v. United States*, 552 U.S. 38 (2007), the Supreme Court formally announced the following two-step analysis that a district court should apply to determine a sentence that is sufficient, but not greater than necessary, to vindicate Congress' mandate that was codified for sentencing: (1) a district court should begin all sentencing proceedings by correctly calculating the applicable guideline range.   *Id*. at 49.   The Court noted that the Guidelines are the "starting point and the initial benchmark."   *Id*. Undoubtedly, part of this determination would also require the district court to assess the propriety of a departure from the otherwise applicable guideline range; and (2) "after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party.  *Id*. at 49-50.

## II. SENTENCING GUIDELINES.

The probation officer has made the following guideline calculations in this case:

| | |
|---|---:|
| Base Offense Level § 2G1.3(a)(2) | 30 |
| Specific Offense Characteristics § 2G1.3(b)(3)(B) | + 2 |
| Adjusted Offense Level | 32 |
| Timely Acceptance of Responsibility | - 3 |
| **TOTAL OFFENSE LEVEL** | **29** |

| | |
|---|---|
| CHC | III |
| Advisory Range | 108-135 months |
| Mandatory Minimum | 120 months |

The defense concurs with calculations of the probation officer. Pursuant to the Amended Plea Agreement, the parties agreed pursuant to Rule 11(c)(1)(C) that a term of incarceration of 120 months is the appropriate sentence in this case. The probation officer has likewise recommended a sentence of 120 months incarceration.

For the reasons set forth in the balance of this memorandum, the defense requests that the Court accept the Plea Agreement.

## III. 18 U.S.C. § 3553 FACTORS.

**History and Characteristics of the Defendant**.

Keith Arrick, Jr. is 21 years of age. He was born in Lima, Ohio to his father and co-defendant, Keith Arrick, Sr. and his mother, Crystal McCune. Crystal was only 17 when Keith was born and she was wholly unequipped for the responsibilities of parenting.

Shortly after Keith was born it was clear that Crystal and Keith, Sr. had no future together. Crystal moved in with her parents and essentially abdicated all of the parenting of Keith to her parents.

2

Keith became close with his maternal grandparents and his grandfather became his father figure.  Unfortunately, when Keith was 9 years old, his grandfather committed suicide.  After his grandfather's death, Keith's fragile family structure unraveled.  He was sent away to spend summers with his father who used drugs and was physically abusive to Keith.  Times with Crystal were not much better because Crystal had made poor choices in her boyfriends.  The childhood visits with Arrick, Sr. stopped after he attempted to prostitute Keith's sister.

Keith was diagnosed with varied mental health issues and prescribed psychotropic medication although he apparently did not always take the medication.  Keith spent a period of his youth experimenting with street drugs.  Keith should have an assessment for mental health treatment and substance abuse.

With a lack of adult guidance in his life and the loss of his grandfather, Keith committed acts which brought him into the juvenile court system.  He was before the court at ages 14, 15 and 16 and served time in the Department of Youth Services (*See* ¶¶ 42-44).

The criminal activity which led to this charge occurred in September 2013.  After the minor was arrested, Keith knew he needed to change his life.  He ceased criminal activity and got a job at GK Packaging in Plain City, Ohio.  After this job, he switched to a contract employee position with A.E.P.  At the time of his arrest in May 2014, Keith was living with his girlfriend.  They have since split up.

Keith now has a strong support system in his mother.  Crystal McCune is anxious to be a positive part of her son's life.  She has matured and adopted a productive life style.

3

**Nature and Circumstances of the Offense**

Keith acted as a middleman between women who wanted to sell their bodies and their customers.  He helped the girls place internet ads, arranged hotel rooms and helped set prices.  Keith found girls who were already working as prostitutes and helped them better market themselves.

When looking at a website, Keith saw that a former acquaintance of his was prostituting herself.   Keith contacted this girl and then Keith and his father drove to Lima, Ohio to pick her up.  The victim was 17 years old.  The first customer that she was set up with was an undercover police office.

Arrick, Sr. had been a pimp for many years.  When Keith was 17 years old, his father brought him into the business.  Keith was never physically abusive towards the women that worked with him.   He did not know that Jane Doe was 17; however, he should have been aware of this fact because he knew her when they were younger.

Keith has pled guilty, accepted responsibility and shown remorse for this crime.   He wants to serve his time, learn a trade and emerge from prison a stronger, better person.

**Just Punishment, Adequate Deterrence, Protection of the Public**

A ten year sentence in this case is certainly greater than necessary to satisfy the concerns set forth in § 3553(a)(2).  Keith will not be released from prison until he is 29 years old.  Hopefully, he will have matured, obtained the skills needed to compete in society.  His mother has found herself in middle age and is now a supportive influence in Keith's life.  With proper counseling and training, Keith can become a productive member of society.

**Requested Sentence**

**WHEREFORE**, it is respectfully requested that the Court impose a sentence of 120 months imprisonment to be followed by 5 years of supervised release.

Respectfully submitted,

   /s/   Gordon G. Hobson
Gordon G. Hobson (0004681)
Senior Litigator
Federal Public Defender's Office
10 West Broad Street, Suite 1020
Columbus, Ohio 43215-3469
(614) 469-2999
Gordon_Hobson@fd.org

Attorney for Defendant
Keith Arrick, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the Sentencing Memorandum was electronically served upon Heather Hill, Assistant United States Attorney, Office of the United States Attorney, 303 Marconi Blvd., Suite 200, Columbus, Ohio 43215 this 13th day of November, 2014.

   /s/   Gordon G. Hobson
Gordon G. Hobson   (0004681)
Assistant Federal Public Defender

Attorney for Defendant
Keith Arrick, Jr.

5