# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | **CASE No. : 2:14-CR-108(2)** |
| **vs.** | : | |
| | : | |
| | : | **JUDGE PETER C. ECONOMUS** |
| **KEITH A. ARRICK, JR.** | : | |
| aka "Young Chuuch" | : | |
| aka "King" | : | |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States, by and through undersigned counsel, hereby submits its Memorandum in Aid of Sentencing, in response to Defendant's Sentencing Memorandum.

### BACKGROUND

On July 21, 2014, the defendant, Keith A. Arrick, Jr., entered a plea of guilty pursuant to a Rule 11(c)(1)(C) plea agreement, to Count Two of the Indictment, which charges him with attempted sex trafficking of a minor in interstate commerce, in violation of 18 U.S.C. § 1591(a). Pursuant to the terms of the plea agreement, the parties agreed that the appropriate term of incarceration for the defendant's plea of guilty to Count Two is 120 months.

At the time that he entered his guilty plea, the defendant admitted that he and his co-defendant had transported a 17-year-old girl from Lima to Columbus for the purpose of maintaining her at a hotel in Columbus where she would engage in prostitution.  The defendant further admitted that he posted an advertisement on the website backpage.com, for the purpose of attracting clients to pay the minor girl for sexual services, and that he instructed the girl that she was to provide him with the money that she received from such clients.  Finally, the defendant

admitted that he had known the minor girl since she was approximately 14 or 15 years old and that he had previously been engaged in a dating relationship with her.

The final Presentence Investigation Report ("PSR") was disclosed on September 30, 2014, and the defendant filed a sentencing memorandum ("Defendant's Memo") on November 13, 2014.  Sentencing in this case is scheduled for December 2, 2014.

## PRESENTENCE INVESTIGATION REPORT AND RECOMMENDATION

The United States has reviewed the Presentence Investigation Report ("PSR") in this case and submits that the advisory sentencing guideline range calculated by the Probation Officer is correct.  The United States thus raises no objections to the PSR.  The Probation Officer has determined that the advisory sentencing guideline range for the defendant is 120 to 135 months, based on a total offense level 29 and a criminal history category III.  There are no factors identified in the PSR that warrant departure or deviation from the applicable guideline range. The sentence recommended by the Probation Officer is 120 months, which represents a sentence at the bottom of the applicable guideline range, and which comports with the stipulated sentence contained in the plea agreement.

For the reasons discussed below, the government concurs with the sentence recommended by the Probation Officer and requests that the Court accept the stipulated sentence contained in the plea agreement.

## ANALYSIS AND RECOMMENDATION OF THE UNITED STATES

After *Booker v. United States*, 543 U.S. 220 (2005), district courts should engage in a three-step sentencing procedure.  *See* U.S.S.G. § 1B1.1(a)-(c) (outlining the sentencing process). First, the Court should calculate the applicable Guidelines range.  *United States v. Gall*, 552 U.S. 38, 49 (2007) ("As a matter of administration and to secure nationwide consistency, the

Guidelines should be the starting point and the initial benchmark.").[1]  Second, the Court should consider whether a departure from the Guidelines range is appropriate.  *Rita v. United States*, 551 U.S. 338, 351 (2007).  Third, the Court should consider "all of the [18 U.S.C.] § 3553(a) factors" in deciding what sentence to impose.  *Gall*, 552 U.S. at 49-50.  Under 18 U.S.C. § 3553, the Court is directed to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing set forth in 18 U.S.C. § 3553(a)(2).  18 U.S.C. § 3553(a).

## I.    Guidelines Calculation and Possible Departure

Pursuant to *Booker*, the starting point for determining an appropriate sentence is accurately calculating the sentencing guideline range, and determining whether any departures from that guideline range are applicable.  As indicated above, the applicable sentencing guideline range for the defendant was properly calculated in the PSR, resulting in a sentencing guideline range of 120 to 135 months of imprisonment, a term of supervised release of 5 years to life, and a fine of $20,000 to $200,000.  There are no objections to this calculation and the government concurs with the finding of the Probation Officer that there are no bases for departure or deviation from the applicable guideline range.

## II.    Section 3553(a) Factors

After properly calculating the applicable guideline range, the Court is next directed to consider that range and weigh it against all of the other § 3553(a) sentencing factors.  Pursuant to 18 U.S.C. § 3553(a), there are seven factors the court is to consider during sentencing: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the statutory purposes of sentencing; (3) the kinds of sentences available; (4) the kinds of

---

[1] The Supreme Court has made clear that the Guidelines are relevant throughout each step of this process.  *See Gall* at 50 n.6 ("The fact that § 3553(a) explicitly directs sentencing courts to consider the Guidelines supports the premise that district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process.").

sentence and the sentencing range as set forth in the Sentencing Guidelines; (5) the Sentencing Guidelines policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims of the offense.

The government submits that consideration of the most relevant of these statutory sentencing factors, as discussed below, warrants the sentence to which the parties have stipulated and which the Probation Officer has recommended.

<u>Nature and Circumstances of the Offense/History and Characteristics of the Defendant</u>

A. Nature and Circumstances of the Offense

While the defendant has entered a guilty plea to one count of attempted sex trafficking of a minor, it is clear from the statement of facts that was presented at the plea hearing that he was significantly involved in a number of offenses. Along with his co-defendant, he managed the prostitution activities of numerous young women, travelling with his co-defendant and some of the women between Kentucky and Ohio. He exploited the minor victim in this case, as well as numerous other women, for his own financial benefit. While he may view his activities as "helping" women who were already engaged in prostitution, this attitude and mindset is both erroneous and indicative of a failure to comprehend the harm of his actions.

Furthermore, there is <u>no</u> evidence that the minor victim in this case had engaged in prostitution activities prior to her involvement with the defendant. The defendant's suggestion to the contrary is further evidence that he simply has not come to terms with the deeply exploitative nature of his offenses. He sought to have a 17-year-old girl, with whom he had previously engaged in a physically abusive relationship, sell her body for his financial benefit. He brought her to Columbus for this purpose, where she had no way to return to her home if she decided that she did not want to do what he said. The defendant was not a "middleman between women who

*wanted* to sell their bodies and their customers." (Defendant's Memo at 4, emphasis added).  He was a master manipulator who fed on the vulnerabilities of girls and young women to exploit them and convince them to sell themselves to support him.  These actions most certainly warrant the 10-year term of incarceration mandated by the statute in this case.

B.   History and characteristics of the defendant

The PSR and Defendant's Memo detail the defendant's difficult and unstable childhood.  While the unfortunate circumstances of the defendant's upbringing are undoubtedly matters that the Court may properly take into consideration when determining an appropriate sentence, a disadvantaged childhood is not a license to commit criminal offenses.  This defendant has been engaged in ongoing criminal conduct for a number of years, and has performed poorly on numerous occasions while being supervised in the community.  He was most recently released from parole in May of 2012, and was apparently involved in prostitution-related criminal activity in Florida by August of the same year.  PSR ¶¶ 44, 51.  Thus, any mitigating aspect of the defendant's disadvantaged youth is counter-balanced by his ongoing involvement in criminal activity.  Giving proper weight to these divergent factors of the defendant's background favors the lengthy term of incarceration to which the parties have agreed.

Statutory Purposes of Sentencing Pursuant to 18 U.S.C. § 3553(a)(2)

In fashioning a sentence that is "sufficient, but not greater than necessary," the Court is directed in 18 U.S.C. § 3553(a)(2) to consider the need for the sentence to:

> (A) reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (B) afford adequate deterrence to criminal conduct; (C) protect the public from further crimes of the defendant; and (D) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In light of the specific facts of the case and this particular defendant's background and history, a sentence of 120 months would properly reflect the seriousness of the defendant's offense, promote respect for the law, and provide just punishment. Ten years of incarceration is a significant sentence that will both ensure that the defendant understands the seriousness of his offense and appropriately punish him, without being unduly harsh. The government hopes that this term of incarceration will also deter both this defendant from committing future criminal acts and others who may contemplate committing similar offenses. In light of the nature of this offense and the defendant's criminal history, the government does believe that a term of supervised release above the mandatory minimum is necessary to achieve the goals of deterrence of this defendant and protection of the public.

The Need To Avoid Unwarranted Sentence Disparities

The government submits that the sentence recommended by the Probation Officer in this case would not result in unwarranted sentencing disparities, as it would appropriately consider the specific facts and circumstances of this case and this defendant.

The Need To Provide Restitution

The government has not received any restitution requests from the victims in this case.

## CONCLUSION

For the foregoing reasons, the United States concurs with the sentence recommended by the Probation Officer, and submits that the 120-month stipulated sentence, followed by a ten-year term of supervised release, would be sufficient but not greater than necessary to achieve the statutory goals of sentencing.

Respectfully submitted,

CARTER M. STEWART
United States Attorney


s/Heather A. Hill
HEATHER A. HILL (6291633)
Assistant United States Attorney
303 Marconi Boulevard
Suite 200
Columbus, Ohio 43215
(614) 469-5715
Fax: (614) 469-5653
Heather.Hill @usdoj.gov


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served via ECF this 24th day of November, 2014, upon Gordon G. Hobson, counsel for the defendant.

s/Heather A. Hill
HEATHER A. HILL (6291633)
Assistant United States Attorney